# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7762 | **DATE** | June 5, 2012 |
| **CASE TITLE** | SCI ILLINOIS SERVICES, INC. V. COLI, JOHN T., SR., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [24] is GRANTED in part and DENIED in part.

## STATEMENT

Before the court is Defendants' motion to dismiss Plaintiff's two-count complaint alleging injuries to business or property by reason of violations of the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. § 1964(c). For the following reasons, the motion is granted in part and denied in part.

**Statement of Facts**

Plaintiff is an Illinois Corporation that owns and operates funeral homes across North America. Defendant Teamster Local 727 is a local chapter of the International Brotherhood of Teamsters ("the Union"), located in Park Ridge, Illinois. Defendants John T. Coli, Sr., William Coli and John T. Coli, Jr. (the "Coli Defendants") hold leadership positions within the Local 727 chapter, and serve as trustees (John Sr. and John Jr.) and administrator (William) of the Local 727 Health and Welfare, Pension, and Legal and Educational Assistance Funds (collectively, "the Funds").

Plaintiff employs several Local 727 members. Under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") and Plaintiff's collective bargaining agreement ("CBA") with the Union, Plaintiff is required to pay certain amounts into the Funds for each of its eligible Local 727 employees. Plaintiff's contributions to the Funds are determined through an audit process set forth in the Funds' Statement of Audit Procedures.

**STATEMENT**

The gravamen of the complaint is that Defendants have manipulated a series of audits to fraudulently inflate the amounts for which the Funds billed Plaintiff. Specifically, the complaint alleges that beginning in August 2002 and continuing to the present, Defendants have deliberately withheld records from auditors, signed off on final auditing reports that they know to be materially flawed, imposed unreasonably burdensome procedures on Plaintiff to challenge the audits, and sued Plaintiff to collect payments to which they were not entitled. For years, Plaintiff capitulated to the fraud by settling rather than incurring the costs of litigating each individual audit. The complaint states that, between April 2004 and April 2008, Plaintiff settled seven lawsuits with Defendants for amounts far exceeding what Plaintiff actually owed the Funds.

The most recent scheme allegedly involved an employer-wide audit covering all of Plaintiff's funeral homes in the State of Illinois. Plaintiff alleges that Defendant deliberately withheld information from the auditing firm which "caused the draft audit report to have intentional misrepresentations," such as the inclusion of non-Local 727 employees, as well as employees and funeral homes covered by previous settlement agreements.

On June 22, 2009, Defendants filed an ERISA claim in this court seeking to collect $528,522.16 in purported delinquent contributions and fees. In connection with the case, Plaintiff took the deposition of Defendant Coli Sr. on June 1, 2011. Throughout the deposition, Defendant Coli Sr. was, to put it mildly, uncooperative. The complaint states that he abruptly left the deposition before it was completed, reporting that he had received a call from Mayor Rahm Emanuel's office requesting him to come in. Defendant Coli Sr.'s attorney represented that his client would return later that afternoon, but he never appeared. After a court order was entered compelling his presence, Coli Sr.'s deposition was completed on July 5, 2011. Five days later, on the night of July 10, 2011, three of Plaintiff's funeral homes were vandalized. Plaintiff alleges this was an attempt by Defendants to intimidate the Plaintiff into paying into the funds and a warning not to call Defendant Coli Sr. as a witness at trial.

On December 16, 2011, Plaintiff entered into a settlement agreement with Defendant Teamsters Local No. 727, releasing Plaintiff from all claims related to the payment of contributions to the Funds in connection with its employees from January 1, 2002 to June 30, 2007 in exchange for $155,000.

**Analysis**

Under RICO, "any person injured in his business or property by reason of a violation of Section 1962 of this chapter may sue therefor in any appropriate United States district court . . ." 18 U.S.C. § 1964(cc). To state a claim under § 1964(c) a Plaintiff must plead "(1) an injury in its business or property (2) by reason of (3) the defendants' violation of section 1962." *DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011) (internal quotation marks and brackets omitted).

To survive a motion to dismiss, "a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). In addition to providing adequate notice, the complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A.   Preliminary Issues

Defendants' first argument is that the complaint must be dismissed because ERISA provides the exclusive statutory framework through which Plaintiff can raise claims concerning its liability to the Fund. However, Defendants cite no case law to support the proposition and this court has explicitly held otherwise. *Zalesiak v. UnumProvident Corp.*, No. 06 C 4433, 2007 U.S. Dist. LEXIS 31592, at * 10-12 (N.D. Ill. Apr. 30, 2007). As Plaintiff correctly notes, ERISA is not designed to vindicate employers' interests–it is designed to protect benefit plan participants and their designated beneficiaries. *See generally* 29 U.S.C. § 1001b. Plaintiff lacks standing to bring an ERISA enforcement action, 29 U.S.C. § 1132(a), and Defendants' argument that Plaintiff's ability to raise affirmative defenses in past ERISA proceedings means that it should now be stripped of its RICO claims is both illogical and legally unfounded.

Plaintiff's RICO claims are not "preempted" by the NLRA, nor does the NLRB have primary jurisdiction over the claims. "Federal statutes do not 'preempt' other federal statutes." *Baker v. IBP, Inc.*, 357 F.3d 685, 688 (7th Cir. 2004). And the underlying conduct at issue here is not wrongful "only by virtue of the labor laws." *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 662 (7th Cir. 1992)–if the allegations contained in the complaint are true, several criminal laws that could be prosecuted directly have been committed. *See Baker*, 357 F.3d at 689.[1] The claims are properly before this court.

B.   Section 1962(c) and (d)

Plaintiff's first RICO claim alleges that Defendant violated §1962(c) which makes it unlawful for an employee of an enterprise engaged in interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern of racketeering activity." *DeGuelle*, 664 F.3d at 199. Defendants argue that Plaintiff has failed to adequately allege acts of racketeering or a pattern of racketeering. I address both arguments in turn.

The complaint adequately alleges acts of racketeering. "'Racketeering activity' is limited to the specific acts statutorily enumerated in 18 U.S.C. § 1961(1)." *DeGuelle*, 664 F.3d at 199. The complaint adequately alleges predicate acts of mail and wire fraud (18 U.S.C. §§ 1341 and 1343), witness tampering (18 U.S.C. § 1512(b)), obstruction of justice (18 U.S.C. § 1503) and unlawful influence of an employee benefit plan (18 U.S.C. § 1954)–all of which are enumerated under 18 U.S.C. § 1961.[2] Defendants' argument that "Plaintiff conceals the predicate acts of extortion behind the [other] predicate acts" makes no sense. Even if Plaintiff was pleading § 1951 extortion as a predicate act–which it is not–that would not cancel out the other predicate acts which have been properly pled. And the complaint identifies with adequate particularity which Defendants are responsible for the individual acts. *See Stone v. Washington Mutual Bank*, No. 10-C6410, 2011 WL 3678838 (N.D.Ill. Aug 19, 2011).

The complaint also adequately alleges a "pattern of racketeering activity." A "pattern" requires the

commission of at least two predicate acts of racketeering activity occurring within ten years of each other. 18 U.S.C. § 1961(5). Further, the Plaintiff must demonstrate a relationship between the predicate acts and a threat of continuing activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Defendants argue that Plaintiff has not demonstrated continuity because 1) the Seventh Circuit has stated that numerous acts of mail and wire fraud do not necessarily support a finding of continuity; 2) Plaintiff has alleged only a single scheme; and 3) the alleged predicate acts are conducted pursuant to ERISA. All of these arguments fail.

First, it is true that "the mere fact that there may have been numerous mailings does not necessarily support a finding of continuity." *Bajorat v. Columbia-Breckenridge Development Corp.*, 944 F.Supp. 1371, 1380 (N.D.Ill. 1996). However, Plaintiff has alleged that the predicate acts of mail and wire fraud constitute "a regular way of conducting Defendant's ongoing legitimate business." *H.J. Inc.*, 492 U.S. at 243. Taking the well-pled facts as true, the threat of continued fraudulent audits would appear to continue for as long as Plaintiff employs Local 727 members. Second, Defendants are wrong that Plaintiff alleges only one scheme–the complaint lists at least eight. And even if the eight are viewed as components of one overarching scheme, that does not preclude a showing of continuity. *Id.* at 240 ("[I]t is implausible to suppose that Congress thought continuity might be shown *only* by proof of multiple schemes."). Finally, the fact that the disputed audits are conducted pursuant to ERISA is no defense. It is not the act of being audited that constitutes the fraud, it is Defendants' alleged tampering with the results in order to extract payment to which they are not entitled under ERISA and the CBA (and the federal criminal statutes they violate in doing so).

The complaint contains enough facts to infer the existence of an agreement between Defendants to violate § 1962(c). The conspiracy claim stands. Causation and injury have been sufficiently pled–there is no question that Plaintiff has payed out hundreds of thousands of dollars to the Funds in order to settle ERISA actions based on disputed audits.

The motion is denied with respect to claims against the Coli Defendants and the Union.[3]

C.   John Doe Defendants

The claims against the John Doe Defendants are dismissed without prejudice. To simply be "associated with or controlled by the Coli Defendants" does not make someone part of the alleged enterprise. Nor does it provide adequate notice to those who may be liable. Plaintiff is granted leave to re-plead with greater specificity as to the general identity of the John Doe Defendants (i.e. Local 727 officers, auditing firm employees, etc.) and their general conduct.

D.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied with respect to the Coli Defendants and the Union, and granted without prejudice with respect to the John Doe Defendants.

**STATEMENT**

1. A word of caution to Defendants: I regard the failure to cite *Baker* and the deliberate dropping of the word "only" from the *Talbot* standard as highly questionable. I expect more candid pleading in the future.

2. While there is no hard evidence linking Defendants to the acts of vandalism, Plaintiff is only required to make plausible allegations at this stage. The timing and targeted nature of the vandalism nudges the claims from conceivable to plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

3. Defendants would have been wise to focus their motion more on the factual rather than the legal deficiencies of the complaint. The most obvious gap in Plaintiff's theory concerns the complicity, or at least utter negligence, of the auditing firms. The complaint never firmly states whether the auditors were in on the fraud or just had the wool pulled over their eyes by the Coli Defendants. Neither theory is particularly plausible, but I decline to dismiss *sua sponte* on these grounds.